BEFORE THE THIRD DIVISION, SEPTEMBER 18, 1941

**No. 46332.**—Petition 6063–R of W. F. Mackay (Pembina).

Opinion by KEEFE, J. At the trial it was established that upon importation of the merchandise the customs broker noted the low value of the merchandise and called it to the attention of the inspector and the appraiser and asked for a special examination which resulted in the report that the merchandise was chaff and not worth anything. In addition to consulting the customs authorities the importer wired the agent in Winnipeg asking him to check the value with the shippers and later received a wire that the value as invoiced was correct. This telegram was admitted in evidence. The importer endeavored to get further information but found the shipper had gone out of business. On the record as presented it was found that in making the entry the petitioner was without intention to conceal or misrepresent the facts or to deceive the appraiser. The petition was therefore granted.

**No. 46333.**—Petition 6127–R of Antony Gibbs & Co., Inc. (Chicago).

Opinion by KEEFE, J. From a careful consideration of the facts it was found that the petitioner was without intention to conceal or misrepresent the facts or to defraud the revenue. The petition was therefore granted.

BEFORE THE SECOND DIVISION, SEPTEMBER 19, 1941

**No. 46334.**—Protests 981907–G, etc., of Sears, Roebuck & Co. (Los Angeles).

Opinion by KINCHELOE, J. The testimony showed that the merchandise is sold in the automobile and the blanket departments of plaintiffs' establishment. The plaintiffs' witness admitted that they were listed in their catalog as "Utility blankets" and are used at football games, and that he calls them "automobile robes." From the record the court was of the opinion that the merchandise in question serves all the purposes of blankets and comes within the purview of paragraph 911 (a). The record failing to overcome the presumption of correctness attaching to the collector's action, the protests were overruled.

**No. 46335.**—Protests 817514–G, etc., of Polan Katz & Co. (Baltimore).

Opinion by KINCHELOE, J. It was stipulated that certain of the merchandise consists of waterproof cloth in chief value of cotton the same in all material respects as that the subject of *Caesar* v. *United States* (6 Cust. Ct. 455, C. D. 515). The protests were therefore sustained as stipulated, in accordance with the dates of entry or withdrawal from warehouse.